IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| JAMES T. LUTHER, | ) |
| | ) |
|     Plaintiff, | ) Civil Action No. 4:11cv00057 |
| | ) |
| v. | ) |
| | ) By:  Michael F. Urbanski |
| WELLS FARGO BANK, | )      United States District Judge |
| | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION

Pro se plaintiff James T. Luther filed a complaint in this action on December 7, 2011, alleging fraud and violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq., and the Real Estate Settlement and Procedures Act, 12 U.S.C. § 2605.  On December 22, 2011, Luther filed a motion for temporary restraining order and preliminary injunction (Dkt. #5), which is currently before the court.  In this motion, Luther asks the court to enjoin the foreclosure of his property located in Fieldale, Virginia.  For the reasons set forth below, plaintiff's motion is **DENIED**.

I.

"A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citing Munaf v. Geren, 553 U.S. 674, 689-90 (2008)); Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 345 (4th Cir. 2009), vacated on other grounds and remanded, 130 S. Ct. 2371 (2010), reaff'd in part and remanded, 607 F.3d 355 (4th Cir. 2010).  It is a remedy that is "'granted only sparingly and in limited circumstances.'"  MicroStrategy, Inc. v. Motorola, Inc., 245 F.3d 335, 339 (4th Cir. 2001) (quoting Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 816 (4th Cir. 1991)).  Thus, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to

succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter, 555 U.S. at 20 (citing Munaf, 553 U.S. at 689-90; Amoco Prod. Co. v. Gambell, 480 U.S. 531, 542 (1987); Weinberger v. Romero-Barcelo, 456 U.S. 305, 311-12 (1982)); see also Real Truth About Obama, 575 F.3d at 345 (applying the standard for preliminary injunctions set forth in Winter). A preliminary injunction cannot be issued unless all four of these elements are met, and "'[p]laintiff bears the burden of establishing that each of these factors supports granting the injunction.'"[1] Direx Israel, 952 F.2d at 812 (quoting Tech. Publ'g Co. v. Lebhar-Friedman, Inc., 729 F.2d 1136, 1139 (7th Cir. 1984); Shaffer v. Globe Prod., Inc., 721 F.2d 1121, 1123 (7th Cir. 1983)).

## II.

Because plaintiff has failed to show irreparable harm in this case, his motion for preliminary injunction falls short and the court need not analyze the other three required elements for injunctive relief.

On December 28, 2011, Luther informed the court that defendant had stayed foreclosure on his property until the litigation has been resolved. Indeed, in its brief in opposition to plaintiff's preliminary injunction motion, defendant stated:

> Upon receipt of the Complaint, Wells Fargo did instruct its substitute trustee to halt foreclosure proceedings in order to evaluate plaintiff's claims. This temporary cessation, however, is not a waiver of Wells Fargo's right to foreclose on the Property or in any way acquiescence that a TRO or injunction is proper.

---

[1] The analysis for a motion for preliminary injunction and a request for temporary restraining order is the same. See Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F.3d 411, 422 (4th Cir. 1999); see also Neiswender v. Bank of Am., No. 09-2595, 2009 WL 1834406, at *1 (N.D. Cal. June 23, 2009) (noting "[a] request for a temporary restraining order is governed by the same general standards that govern the issuance of a preliminary injunction," and ruling on a temporary restraining order by applying the same test adopted in Winter and applied in Real Truth About Obama).

2

Mem. in Opp. to Pl.'s Application for TRO & Prelim. Injunction, Dkt. #12, at 2 n.1.  So while defendant labels this as a "temporary cessation" of foreclosure proceedings, defendant is not, in fact, taking action at this time to foreclose on plaintiff's property, the very activity plaintiff seeks to enjoin.  The Fourth Circuit has explained that "the required 'irreparable harm' must be 'neither remote nor speculative, but actual and imminent.'"  Direx Israel, 952 F.2d at 812 (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 975 (2d Cir. 1989) and citing ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987) ("Establishing a risk of irreparable harm is not enough.  A plaintiff has the burden of proving a 'clear showing of immediate irreparable injury.'")).  Preliminary injunctions are meant to "protect the status quo and to prevent irreparable harm during the pendency of a lawsuit ultimately to preserve the court's ability to render a meaningful judgment on the merits."  In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 525 (4th Cir. 2003) (citations omitted), abrogation on other grounds recognized in Bethesda Softworks, LLC v. Interplay Entm't Corp., No. 11-1860, 2011 WL 5084587, at *2 (4th Cir. Oct. 26, 2011).  On this record, the court cannot find that plaintiff is at risk of actual and imminent harm.  Without such a showing, the court cannot grant injunctive relief.

   Accordingly, plaintiff's motion for temporary restraining order and preliminary injunction (Dkt. #5) is **DENIED** at this time.  Plaintiff may renew his motion in the future if plaintiff faces the imminent threat of foreclosure during the pendency of this litigation.

              Entered:  February 8, 2012

              */s/ Michael F. Urbanski*

              Michael F. Urbanski
              United States District Judge