IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| JAMES T. LUTHER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 4:11cv00057 |
| ) | |
| v. ) | |
| ) | |
| WELLS FARGO BANK, ) | By: Hon. Robert S. Ballou |
| ) | United States Magistrate Judge |
| Defendant. ) | |

**OPINION**

This matter is before the court on Defendant Wells Fargo Bank's ("Wells Fargo") Motion to Dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim (Dkt. No. 17) and *pro se* Plaintiff James T. Luther's ("Luther"), Motion for Summary Judgment (Dkt. No. 23). The court construed Luther's Motion for Summary Judgment by Order dated April 3, 2012 as both responsive to Wells Fargo's Motion to Dismiss and seeking summary judgment. (Dkt. No. 27.) By Order dated February 14, 2012, the court referred all dispositive motions to the undersigned for proposed findings of fact and a recommended disposition of the case pursuant to 28 U.S.C. § 636(b)(1)(B).

On December 7, 2012, Luther filed a Complaint which asserts no facts, consists of only legal conclusions, and states the following:

> 4. I allege defendant committed fraud by misrepresenting the true facts of purported 1st (68014727040001) and 2nd (4387-5407-1265-7056) mortgage causing me to believe that I was borrowing credit from defendant when in fact I was the sole source of credit for purported [sic] 1st and 2nd mortgage;
>
> 5. I allege defendant did not answer a Tila [sic] request made by plaintiff on date March 8, 2011 (see attachment A), and follow up on date June 13, 2011 (see attachment B) that was a consumer credit transaction and not a business

1

>    transaction. 15 U.S.C. Section 1601;
>
>    6) I allege defendant did not answer a Respa [sic] request made by plaintiff on March 8, 2011 (see attachment A), and followup [sic] on date June 13, 2011 (see attachment B, ) relating to 1st and 2nd mortgages. 12 U.S.C. section 2605(e).

As relief, Luther demands "the return of all payments. . . in the amount of $184,250, any escrow, any related funds to 1st and 2nd mortgage, also a release of lien on 1st and 2nd mortgage and accurate notification to all credit rating agencies."  The Complaint contains only bare legal conclusions and few factual allegations thereby hindering the court's ability to draw inferences as to the factual basis of the legal claims.  It appears Luther alleges the following: 1) "fraud by misrepresenting the true facts," 2) a violation of the Federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, and 3) a violation of the Federal Real Estate Settlement and Procedures Act, ("RESPA"), 12 U.S.C. § 2605, with jurisdiction pursuant to 28 U.S.C. § 1332(a).  (Compl. ¶¶ 1-6.)

The court finds that Luther fails to state any cause of action upon which relief can be granted, but will give him leave to amend his complaint as set forth herein.  The court does not reach Luther's motion for summary judgment since his complaint fails to state a claim at this point.

## STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim.  *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.1999).  A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must "state[ ] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon its "judicial experience and common sense." *Ashcroft v. Iqbal,* 556

U.S. 662, 679 (2009). The court accepts as true all well-plead facts and construes those facts in the light most favorable to the plaintiff. *Phillips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). However, "legal conclusions, formulaic recitation of the elements of a cause of action, or bare assertions devoid of further factual enhancements fail to constitute well-pled facts for Rule 12(b)(6) purposes." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir.2009) (citing *Iqbal*, 556 U.S. at 678).

Plaintiffs must plead enough facts to "nudge[ ] their claims across the line from conceivable to plausible," and if the claim is not "plausible on its face," it must be dismissed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility requirement "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's claim. *Id.* at 556. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Allegations made in a *pro se* complaint are "liberally construed, and … must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S.89, 93 (2007) (internal citation omitted). Notwithstanding this obligation, the court is not required to accept a *pro se* plaintiff's contentions as true, *Denton v. Hernandez,* 504 U.S. 25, 32 (1992), and cannot ignore a clear failure to allege facts positing a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.,* 901 F.2d 387, 391 (4th Cir.1990). Moreover, the court does not act as the *pro se* plaintiff's advocate, *sua sponte* developing statutory claims that the plaintiff failed to clearly raise on the face of the complaint. *Id.* ("The 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the

3

court into an advocate.  Only those questions which are squarely presented to a court may properly be addressed.").

## DISCUSSION

### A. FRAUD CLAIM

Luther alleges that Wells Fargo caused him to believe that he was "borrowing credit from defendant when in fact I was the sole source of credit for purported [sic] 1st and 2nd mortgage." (Comp. at ¶ 4).  Federal Rule of Civil Procedure 9(b) governs whether this bare allegation sufficiently states a claim for fraud.  Failure to comply with Rule 9(b)'s particularity requirement for allegations of fraud is considered a failure to state a claim under Rule 12(b)(6).  *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783, n. 5 (4th Cir. 1999).

The facts alleged in the complaint must "state with particularity the circumstances constituting fraud or mistake."  *See* Fed R. Civ. P. 9(b).  Specifically, Rule 9 requires a plaintiff to plead with particularity – (1) the time and place the misrepresentations were made, (2) the contents of those representations, (3) the identity of the individual making the misrepresentation, (4) what the individual making the misrepresentation gained from making it, and (5) that the aggrieved party reasonably and detrimentally relied on those misrepresentations.  *See Harrison*, 176 F.3d at 786; *Learning Works, Inc. v. The Learning Annex, Inc.*, 830 F.2d 541, 546 (4th Cir. 1987).  Furthermore, Virginia law requires a plaintiff to plead and prove by clear and convincing evidence: (1) a false representation, (2) of material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) damages resulting from that reliance.  *Van Deusen v. Snead*, 441 S.E.2d 207, 209 (1994).

Despite the heightened pleading requirements under Rule 9(b), a court "should hesitate to dismiss a complaint . . . if [it] is satisfied (1) that the defendant has been made aware of the

particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts." *Harrison*, 176 F.3d at 784.

Luther asserts in the Complaint the mere legal conclusion that Wells Fargo committed fraud by causing him to believe that he was "the sole source of credit" for his first and second mortgage. Luther does not allege the time and place of the misrepresentation, any subsequent detrimental reliance or any damages he incurred. Additionally, Luther's single conclusory allegation fails to provide Wells Fargo with "sufficient information to formulate a defense." *Harrison*, 176 F.3d at 784. In short, Luther has failed to plead fraud with the requisite specificity as required by Rule 9(b). Accordingly, the court finds that Luther's Complaint fails to state a claim of fraud under Rule 12(b)(6).

B.  **TILA CLAIM**

TILA "has the broad purpose of promoting 'the informed use of credit' by assuring 'meaningful disclosure of credit terms' to consumers.'" *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 559 (1980). *See* 12 U.S.C. § 1601(a). The Act requires creditors "to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998).

In the Complaint, Luther alleges that the "defendant did not answer a Tila [sic] request made by plaintiff on date March 8, 2011(see attachment A) and follow up on date June 13, 2011(see attachment B) that was a consumer credit transaction and not a business transaction" and cites to "15 U.S.C. Section 1601." (Compl. ¶ 5.) TILA only subjects creditors and assignees to liability. 15 U.S.C. § 1640, 1641(a); *see also Gilbert et. al. v. Residential Funding, LLC et. al.,* No. 4:09-cv-00181-D, slip op. at *11 (4th Cir. May 3, 2012). Luther asserts no

5

factual allegations that Wells Fargo was either a creditor or assignee of either the first or second mortgage. *See e.g.*, *Carter v. Alston*, 2005 WL 3021975, at *2 (E.D. Va. Nov. 10, 2005).

Luther states no facts in the Complaint or the letters attached therein to state a cause of action under TILA. Indeed, the Complaint has an insufficient factual basis to support a TILA claim, and the court will not scour the statute for a legal cause of action on Luther's behalf. Accordingly, the court finds that Luther's Complaint fails to state a claim of fraud under Rule 12(b)(6).

## C. RESPA CLAIM

In the Complaint, Luther alleges that "defendant did not answer a Respa [sic] request made by plaintiff on March 8, 2011 (see attachment A), and followup [sic] on date June 13, 2011 (see attachment B), relating to 1st and 2nd mortgages." Luther refers to 12 U.S.C. § 2605(e)(1)(A) of RESPA, which governs a servicer's response to a qualified written request ("QWR"). Particularly, § 2605(e)(1)(A) provides:

> If any servicer of a *federally regulated mortgage loan* receives a qualified request from the borrower (or an agent) for information relating to the servicing of such loans, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days unless the action requested is taken within such period.  (emphasis added).

The statute only governs "federally related mortgage loan[s]," which 12 U.S.C. § 2602(1) defines as a loan "secured by a first …lien on residential real property…designed principally for the occupancy of from one to four families, including any such secured loan, the proceeds of which are used to prepay or pay off an existing loan secured by the same property," and, among other requirements, may be made by a lender insured by any agency of the Federal government, or a lender regulated by a federal agency.

A plaintiff asserting a cause of action under RESPA must allege that the transaction involved a federally related mortgage loan.  In *Gardner v. First American Title Insurance Co.*, the plaintiff's bald allegation that the loan was a federally related mortgage loan was enough to survive the motion to dismiss.  294 F.3d 991, 993 (8th Cir. 2002).  Here, Luther fails to allege whether his loan is a federally related mortgage loan as defined by the statute and regulations.  Furthermore, a RESPA claim under § 2605(e)(1)(A) applies to servicers of federally regulated mortgage loans.  Luther neglects to allege the nature of his borrower relationship with Wells Fargo and, therefore, fails to establish that he has a RESPA cause of action.  Finally, Luther fails to allege any facts sufficient to establish that he suffered damages because of any purported violation of RESPA.  *Ginn v. CitiMortgage, Inc. (In re Ginn)*, ––– B.R. –––, 2012 WL 112974, at *9 (Bankr. D.S.C. Jan. 11, 2012).

Luther has failed to allege sufficient facts to support a cause of action against Wells Fargo.  The court will allow Luther leave to amend the Complaint to assert a sufficient factual basis for his claims.  Therefore, it is hereby ORDERED that Luther has fifteen days from the date of this order to amend the Complaint, and Wells Fargo shall file its response within fourteen days of Luther filing the Amended Complaint.  The failure to file an amended Complaint within fifteen days will result in the issuing a further order recommending the dismissal of the Complaint as may be allowed under 28 U.S.C § 636(b)(1).

Entered:  May 10, 2012

/s/ Robert S. Ballou
Robert S. Ballou
United States Magistrate Judge